**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 20-69** |
| | : | |
| **JULIO PEREZ** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                          **January 22, 2024**

    We sentenced Julio Perez two years ago to eighty-seven months of incarceration following his plea of guilty to drug offenses as a career offender. We varied downward from the United States Sentencing Commission's recommended 188–235 months of incarceration.

    Mr. Perez now moves for a further reduced sentence under a recent amendment to the United States Sentencing Guidelines allowing federal sentencing judges to reduce earlier sentences if the convicted person qualified as a "zero-point" criminal history offender at sentencing. The Sentencing Commission recommended we reduce the offense level by two points if the defendant then qualified as a "zero-point" offender. But the Sentencing Commission does not allow us to lower the sentence retroactively to a term less than the minimum of the amended guidelines range now set at a lower offense level.

    Mr. Perez is not a "zero-point" offender based on his criminal history at sentencing under the amended sentencing guidelines. And even if a "zero point" offender, his amended guideline range would only now allow us to now sentence him to 151–188 months incarceration which remains far beyond his present sentence. Mr. Perez does not qualify for reduction as our eighty-seven month sentence is lower than it would be under the revised guideline range even if Mr. Perez qualified as a "zero-point" offender. We deny his motion for reduction.

I.  **Background**

Our Grand Jury returned a four-count indictment against Julio Perez charging him with distribution of fentanyl and heroin, and aiding and abetting the distribution of heroin.[1] Mr. Perez pleaded guilty on October 13, 2021 to two counts of distributing a controlled substance, aiding and abetting the distribution of a controlled substance, and aiding and abetting and distributing 100 grams or more of heroin.[2]

Mr. Perez agreed to the probation officer's and his attorney's calculation of an adjusted offense level of 31 and a criminal history category of VI as a career offender. The United States Sentencing Commission then recommended we sentence Mr. Perez to 188 to 235 months of imprisonment. We sentenced Mr. Perez to eighty-seven months incarceration and ten years supervised release as to each count to run concurrently.[3] Mr. Perez is currently serving his sentence at the high-security facility in Beaumont, Texas. Mr. Perez's term of incarceration will end on April 30, 2029.

The United States Sentencing Commission amended the Sentencing Guidelines allowing sentencing judges as of November 1, 2023 to reduce a defendant's offense level two points if the defendant "did not receive any criminal history points."[4]

II.  **Analysis**

Mr. Perez now *pro se* seeks a reduction of sentence.[5] Mr. Perez argues the Sentencing Commission amended the Sentencing Guidelines under section 4C1.1 to require a two-level offense level reduction if the defendant "committed any part of the instant offense while under any criminal justice sentence including probation, parole, supervised release, or work release."[6] Mr. Perez misquotes the Sentencing Guidelines. Section 4A1.1 sets forth the means for calculating criminal history score, including the passage Mr. Perez cites in his Motion.[7] The

Sentencing Commission's Amendment 821 creating a two-point downward adjustment for "zero-point" criminal defendants does not provide the relief Mr. Perez believes it does.

The Sentencing Commission's "zero-point" offender Amendment does not apply to Mr. Perez. Section 4C1.1 requires a defendant seeking relief not "receive any criminal history points."[8] Mr. Perez agreed with the probation officer's assessment of a criminal history score of 11. Mr. Perez cannot seek "zero-point" offender relief because he is not a "zero-point" offender.

But we could not reduce his sentence even if the Sentencing Commission's "zero-point" offender Amendment applied to Mr. Perez. Congress allows us to modify Mr. Perez's term of imprisonment if the United States Sentencing Commission revised the Sentencing Guidelines lowering his original sentencing range and the section 3553(a) factors support reducing Mr. Perez's term of imprisonment.[9] We cannot lower Mr. Perez's sentence "to a term that is less than the minimum of the amended guideline range."[10]

Mr. Perez agreed with our calculation of a criminal offense level of 31 and a criminal history category of VI when we sentenced him on January 31, 2022.[11] The Sentencing Commission then recommended 188 months to 235 months incarceration. We sentenced Mr. Perez to eighty-seven months incarceration and ten years supervised release.[12] Applying the Sentencing Commission's "zero-point" offender downward variance today amends Mr. Perez's criminal offense level to 29. The Sentencing Guidelines range for a criminal offense level of 29 and criminal history category of VI is 151–188 months incarceration. The Sentencing Commission's Policy statement 1B1.10(b)(2)(A) prevents us from re-sentencing Mr. Perez below the 151-month low-end of his amended sentence range. We sentenced him to eighty-seven months. We lack a basis to reduce the sentence below eighty-seven months.[13]

**III.     Conclusion**

Julio Perez *pro se* moves for a reduced sentence citing the Sentencing Commission's newly issued "zero-point" amendment. Mr. Perez cannot seek relief under the new amendment because his criminal history category is greater than zero. But even if Mr. Perez could receive the two-point offense level downward adjustment we could not reduce Mr. Perez's sentence because the Sentencing Commission does not allow us to reduce a sentence below the recommended range. We deny Mr. Perez's motion for reduction of sentence.

---

[1] ECF No. 1.

[2] ECF No. 43.

[3] ECF No. 55 at 3–4.

[4] U.S.S.G. § 4C1.1(a)(1).

[5] ECF No. 62.

[6] ECF No. 62 at 4.

[7] U.S.S.G. § 4A1.1(e).

[8] U.S.S.G. § 4C1.1(a)(1).

[9] 18 U.S.C. § 3582(c)(2).

[10] U.S.S.G. § 1B1.10(b)(2)(A).

[11] *See* ECF No. 55.

[12] *Id.* at 3–4.

[13] We also could not reduce the eighty-seven-month sentence even if we assume, for the sake of argument, Mr. Perez had a criminal history category of I and may qualify for the "zero-point" offender status downward variance. The Sentencing Commission's recommendation for a criminal offense level of 29 and criminal history category of I is 87–108. We sentenced Mr. Perez at the lowest end of this range. We have no further downward room under Section 1B1.10(b)(2)(A).